## JONES *v.* DEWEY & a.

Parties may agree to settle by arbitration the division line between their lots of land; and an award, made in pursuance of a submission for that purpose, will bind the parties.

If the submission do not require the award to be in writing, the arbitrators may make a parol award; and this will not be vitiated by a subsequent ineffectual attempt to reduce the same to writing.

TRESPASS, for breaking and entering the plaintiff's close, and cutting and carrying away one pine tree. The question being as to the location of the dividing line between the two contiguous lots, severally owned by the parties, the plaintiff offered his title deeds and evidence of surveys tending to prove that the tree in question stood upon his side of the line. The plaintiff's lot lies west of the defendants'. The defendants then produced a bond of submission, executed by the parties, appointing Messrs. Blodgett, Smith and Eastman referees to determine the bound at the N. E. corner of the plaintiff's lot, which is also the N. W. corner of the defendants'. Upon this submission was an award, signed by Blodgett and Smith only, designating the corner bound, and also fixing the line of it, and the opposite corner, reciting that this last

was done "at the request of both parties," with the testimony of Blodgett, one of the referees, who testified that after they had established the corner bound referred to them by the articles of submission, Dewey said this did not settle all their difficulties, and desired that they should also run and establish the line between them; that this was at first objected to by Jones, on the ground of the expense; but upon being told that it would cost no more, as it could be done the same day, he consented; and the parties then agreed that the referees should establish the line between them, and their decision should be final; and that they all went upon the ground, and the referees agreed to allow the same variation of the needle which had been found necessary in running the other lines; and that Smith then set his compass at the bound just established by them, and set it on the course; that the parties, referees, and all who wished, examined the course and direction; that Jones went forward, put up stakes, and marked trees with his ax on the line, and they struck a small hemlock tree on the south end of the line, and established that as the other corner; and that Smith marked it with Jones's ax; that Jones seemed disappointed with the result, and dissatisfied, but did not revoke the agreement, or forbid the marking of the tree as a bound. To all this testimony Jones objected; because, as the referees attempted to put their award in writing, that was the only evidence which could be offered of the facts, and could not be thus varied and explained by parol evidence; and the written award was void for uncertainty, and was signed by two only of the referees, and could not furnish evidence of the facts attempted to be proved by them; but the court overruled the objections, and admitted the testimony.

The court instructed the jury, that whatever might have been the rights of the parties under their deed, yet if they agreed upon referees to establish bounds and lines

between them, and agreed that the bounds and lines so established should be the bounds and lines ever after, then such lines and bounds would govern them in this trial; and if they found such to be the case their verdict should be in favor of that party upon whose side of the line so established they found the tree to be upon the evidence before them.

The jury returned their verdict for the defendants, and the plaintiff moved to set it aside, and for a new trial, for causes appearing in the above case.

*Sargeant*, for the plaintiff. The award is void for the reason that it fixes no line. It does not furnish proof of the fact for which it was offered. *Aldrich* v. *Jessiman*, 8 N. H. Rep. 516.

A parol submission does not differ from a written one, if the award is in writing.

Parol evidence is inadmissible to explain it. Bac. Ab. Arb. & Aw.; *Aldrich* v. *Jessiman*, 8 N. H. Rep. 516; 1 Wash. C. C. 448; 5 Pick. 291; 11 Vt. 47; 6 id. 299; 1 Phil. Ev. 547; 15 Mass. 152.

*Kittredge*, for the defendants.

WOODS, J. It is well settled that parties may agree upon a line of division between their respective lots of land; that they may agree that a surveyor may run the line, or that arbitrators of their choice may determine it; and that a line constituted in either of those modes is to be deemed the true line, so far at least that neither party will be permitted to maintain an action in derogation of such convention, or to assert a possession beyond the limits so settled. *Gray* v. *Berry*, 9 N. H. Rep. 473; *Sawyer* v. *Fellows*, 6 id. 107; *Aldrich* v. *Jessiman*, 8 id. 516. It is not because the effect of such a proceeding is to pass the title to any portion of the soil that may lie

between the conventional and the true lines, in case they should fail at any particular point, to coincide; but because, where parties have agreed on a line, it is inequitable to permit either of them to act contrary to the effect and true object of such agreement.

It is, therefore, wholly immaterial whether the submission that was entered into in this case was by deed or by parol, written or unwritten; and unless the terms of the submission required the award to be in one or the other of the forms indicated, the arbitrators were at liberty to make it in such form as they might see fit to adopt. If it pursued the submission in its scope and object, and in its form was not inconsistent with the requirements of the submission, it possessed all the elements of a good and valid act, and was conclusive upon the parties as to all the matters embraced in it.

It appears that there was an arbitration bond between these parties, by which a certain corner in dispute between them was referred to the arbitrament of Smith, Blodgett and Eastman. After these matters had been settled, and while the parties were upon the ground, and before any written award had been made, or attempted, it was arranged by the parties that the same arbitrators should proceed and settle the line between the respective estates of the plaintiff and defendants, and that the line which should be so settled should be taken to be the boundary, and conclusive upon either party. This was done by the arbitrators, and both parties assisted, and neither of them dissented from the decision.

Now this submission was by parol; it was no part of the submission which was the particular cause of the parties being together at the time and place of the transaction, but a wholly distinct affair. Its terms did not require the arbitrators to make an award in writing, but left to their choice the manner in which it should be done. They did not make a written award. It is true, there existed in

their minds a purpose to do so, as it appears, and it was a part of their purpose to embody it with their award upon the other matter which was submitted to them ; but this purpose was not persevered in, and failed, for some cause, to be carried into effect. But they did all that they were required by the submission to do. They settled the line, and made known to the parties at the time what they had settled. In fact, the parties were witnesses of the act, which was of such a nature that no formal publication was required or even expected.

Had there been no attempt made by the arbitrators, or some of them, to put the award in writing, no question could exist as to the sufficiency of the act. It is not easy to perceive any just ground for holding that an attempt or a purpose, on the part of the arbitrators, to reduce their award to writing, and thus to do what their office and duty did not require them to do, should vitiate and avoid an act, otherwise sufficient and binding upon the parties.

The instructions of the court must, therefore, be held to have been correct, and there must be

*Judgment on the verdict.*